Filed 2/17/15  P. v. Tran CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JASMIN TRAN,<br><br>    Defendant and Appellant. | 2d Crim. No. B254985<br>(Super. Ct. No. BA384292)<br>(Los Angeles County) |

Jasmin Tran appeals from the judgment entered following her court trial and conviction of two counts of grand theft by false pretenses. (Pen. Code, §§ 484, 487, subd. (a).)[1] The trial court suspended the imposition of sentence, placed appellant on formal probation for five years, and ordered her to pay direct restitution of $43,145.26 to the California Department of Healthcare Services (CDHS) and $21,052.44 to the Social Security Administration (SSA).[2] Appellant challenges the sufficiency of the evidence to support her conviction. We affirm.

---

[1] All statutory references are to the Penal Code unless otherwise stated.
[2] Like appellant, Zachary's father (Ira Cohen) was granted five years' formal probation and ordered to pay restitution to SSA and CDHS. He is not a party to this appeal.

FACTUAL AND PROCEDURAL BACKGROUND

*Prosecution Evidence*

In 1991, appellant gave birth to Zachary Cohen. Several years later he suffered from a disabling brain tumor. In 1995, appellant successfully applied for Zachary to receive social security income (SSI), with appellant as his representative payee. The SSI application stated that the SSA must be notified if the beneficiary leaves the United States for more than 30 days. A beneficiary who leaves the United States for more than 30 days loses SSI eligibility. In 2003, appellant signed an SSI review form which stated that Zachary could not be outside the United States for more than 30 days and receive SSI.

In 1995, appellant successfully applied to CDHS to receive in home supportive services (IHSS) payments as Zachary's in-home care provider (provider). From 2006 through 2010, Los Angeles County social worker Gayane Pogosyan annually evaluated Zachary's IHSS needs. During such evaluations, Pogosyan reviewed the rights and responsibilities form (RR form) with providers. Pogosyan and appellant both signed the RR form in July 2006. That form states, "I have been informed of and understand my rights and responsibilities as an applicant-recipient of in-home supportive services." Pogosyan discussed those rights and responsibilities with appellant, including the IHSS eligibility requirements. In order to receive IHSS payments, the provider must reside in the beneficiary/client's home, in Los Angeles County, California; the provider must complete timesheets and submit them every two weeks; and the provider must notify CDHS of any change in circumstance within 10 days.

Beginning in 2005, appellant lived outside the United States for several months a year. Zachary visited her there for more than 30 consecutive days during the summer. Zachary attended a military boarding school in North Carolina during the 2008-2009 school year. Appellant did not advise SSA when Zachary stayed outside the country for more than 30 consecutive days.

Pogosyan testified that appellant never advised her that Zachary was attending school outside California, that appellant was living in the United Kingdom for

2

several months a year, or that Zachary visited her there for more than 30 consecutive days during summer vacations. Had Pogosyan known those facts, CDHS would have terminated or suspended appellant's IHSS payments.

CDHS deposited IHSS payments with a total value of $43,145.26 into appellant's checking account, between May 25, 2005, and September 6, 2010, which included periods when she did not provide in-home care for Zachary. Between March 25, 2005, and September 6, 2010, SSA deposited SSI benefits with a total value of $21,052.44 into appellant's checking account, which included periods when Zachary was outside the country.

*Defense Evidence*

Appellant testified that she advised Pogosyan that she was spending the summer months in the United Kingdom, and that Zachary would join her there during summer and Christmas vacations. Appellant also testified that when she asked Pogosyan to add Zachary's father (Ira Cohen) as an IHSS provider, Pogosyan said she would keep them as a "family unit," and there was no need to change anything. Appellant testified further that the social workers did not discuss the RR form with her. Rather, they discussed how many IHSS hours Zachary would need. Appellant first learned of the events that would disqualify Zachary from SSI and IHSS eligibility in 2010, when CDHS investigator Lisa Meraz-Vasquez interviewed her.

DISCUSSION

Appellant contends that there is not sufficient evidence to support her convictions of grand theft by false pretenses. We disagree.

In reviewing claims of insufficient evidence, we examine the entire record in the light most favorable to the judgment to determine whether there is substantial evidence that is reasonable, credible, and of solid value from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. (*People v. Maciel* (2013) 57 Cal.4th 482, 514-515.) We do not reweigh the evidence or reassess the credibility of witnesses. (*People v. Houston* (2012) 54 Cal.4th 1186, 1215.) We "presume in support of the judgment the existence of every fact the jury could reasonably have deduced from

3

the evidence. . . . A reversal for insufficient evidence is unwarranted unless it appears that upon no hypothesis whatever is there sufficient substantial evidence to support the jury's verdict."  (*People v. Manibusan* (2013) 58 Cal.4th 40, 87, internal quotation marks and citations omitted.)

Grand theft is the taking of personal property exceeding $950.  (§§ 484, 487, subd. (a).)  "A theft conviction on the theory of false pretenses requires proof that (1) the defendant made a false pretense or representation to the owner of property; (2) with the intent to defraud the owner of that property; and (3) the owner transferred the property to the defendant in reliance on the representation."  (*People v. Wooten* (1996) 44 Cal.App.4th 1834, 1842.)  The representation does not have to be made in an express statement; it may be implied from behavior or other circumstances.  (*People v. Randono* (1973) 32 Cal.App.3d 164, 174-175.)  "A *false pretense* is any act, word, symbol, or token the purpose of which is to deceive.  [¶]  Someone makes a false pretense if, intending to deceive, . . . she . . . [d]oes not give information when . . . she has an obligation to do so."  (CALCRIM No. 1804.)

In challenging the sufficiency of the evidence to support her conviction of grand theft by false pretenses of IHSS payments, appellant argues that the prosecution failed to present evidence that she submitted a false written voucher to CDHS which caused it to deposit IHSS payments into her account.  In challenging the sufficiency of the evidence to support grand theft by false pretenses of SSI benefits, she argues there is not sufficient evidence to support her conviction "because the concealment 'pretense' was not contained in a writing."  Neither argument is persuasive.  The false representation required to prove grand theft by false pretenses need not be contained in writing.  It may be implied from behavior or other circumstances.  (*People v. Randono, supra,* 32 Cal.App.3d at pp. 174-175.)

Substantial evidence supports the trial court's finding that by deliberately concealing facts which she was required to disclose in order to obtain IHSS payments and SSI benefits, appellant committed grand theft by false pretenses.  The court reasonably found that appellant understood her obligations to SSA and CDHS, and those agencies

4

continued to pay appellant because they each relied on her "false pretense that there was no change to her residence [or Zachary's] . . . from 2005 to 2010." In 2006, appellant signed a document describing her rights and responsibilities as an IHSS provider, which included notifying CDHS within 10 days of any change of circumstance. Her right to receive IHSS payments depended upon her living with and caring for Zachary in Los Angeles County. She did not disclose to CDHS that she was living outside the country for several months a year, or that Zachary attended an out-of-state boarding school during the 2008-2009 school year. She also failed to inform SSA when Zachary was outside the country for more than 30 days. The court reasonably found that appellant intentionally continued to receive payments and benefits which she knew she and Zachary were not entitled to.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.


PERREN, J.

We concur:


GILBERT, P. J.


YEGAN, J.


5

Gail Ruderman Feuer, Judge

Superior Court County of Los Angeles

_____

Alan Ross for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, James William Bilderback II, Supervising Deputy Attorney General, Alene M. Games, Deputy Attorney General, for Plaintiff and Respondent.